IN THE SUPREME COURT OF THE STATE OF NEVADA

DIAKONOS HOLDINGS, LLC,
Appellant,
vs.
KATIE BABY, LLC,
Respondent.

No. 77616

FILED

MAY 15 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; David M. Jones, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

The governing HOA's notice of delinquent assessment on the subject property included a $350 superpriority amount.[2] The homeowner made two payments after the notice was recorded, with the foreclosure agent remitting $1,350 of those payments to the HOA. In the later quiet title action, the district court found that the HOA applied those amounts to assessments and, after considering relevant caselaw and equitable considerations, concluded that the money should be applied to the oldest accrued assessments first, curing the superpriority default. Based on this, the district court concluded that the HOA foreclosure sale did not extinguish

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]Appellant does not dispute the district court's finding that the superpriority amount of the HOA's lien was $350.

20-18607

the first deed of trust on the property and that the purchaser at the deed of trust holder's later foreclosure sale held title to the property, not appellant.

We recently held in *9352 Cranesbill Trust v. Wells Fargo Bank, N.A.*, 136 Nev., Adv. Op. 8, 459 P.3d 227, 232 (2020), and appellant does not dispute, that payments made by a homeowner can cure the default on the superpriority portion of an HOA lien such that the HOA's foreclosure sale would not extinguish the first deed of trust on the subject property. Appellant instead argues there are genuine issues of material fact regarding whether the homeowner's payments actually cured the superpriority default, such that summary judgment was inappropriate. *See Wood*, 121 Nev. at 729, 121 P.3d at 1029 (providing that summary judgment is inappropriate when genuine issues of material fact remain). In *Cranesbill Trust*, 459 P.3d at 231, we held that whether a homeowner's payments cure a superpriority default depends upon the actions and intent of the homeowner and the HOA and, if those cannot be determined, upon the district court's assessment of justice and equity. We further explained that "[i]f neither the debtor nor the creditor makes a specific application of the payment, then it falls to the [district] court to determine how to apply the payment" based on an "assessment of the competing equities involved." *Id.* at 231-32.

Because the intent of the homeowner and the HOA was unclear in regard to how the homeowner's payments were applied beyond applying them to the outstanding assessments,[3] the district court properly looked to

---

[3]To the extent appellant argues that the district court's order found that the HOA applied the homeowner's payments to only assessments incurred after the recording of the notice of delinquent assessment, that is not an accurate representation of the district court's findings. The court

the purpose of the relevant statutory scheme, NRS Chapter 116, and how partial payments have been applied to debts in other cases, in deciding that the homeowner's payments in this case applied to the assessments making up the superpriority default. *See Cranesbill Tr.*, 459 P.3d at 231. We see no error in the district court's decision, and therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. David M. Jones, District Judge
       Hong & Hong
       Gerrard Cox & Larsen
       Eighth District Court Clerk

---

found that the HOA applied the payments to "outstanding assessments," which could include assessments incurred both before and after the notice of delinquent assessment.